SEYFARTH SHAW LLP
Mark P. Grajski (SBN 178050)
Email: mgrajski@seyfarth.com
400 Capitol Mall, Suite 2350
Sacramento, California 95814-4428
Telephone:     (916) 448-0159
Facsimile:     (916) 558-4839

SEYFARTH SHAW LLP
Esther Slater McDonald (*to be admitted pro hac vice*)
Email: emcdonald@seyfarth.com
1075 Peachtree Street, N.E., Suite 2500
Atlanta, Georgia  30309-3958
Telephone:     (404) 885-1500
Facsimile:     (404) 892-7056

Attorneys for Defendants
DBI BEVERAGE INC. and
DBI BEVERAGE SAN JOAQUIN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFRAIN PALACIOS, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DBI BEVERAGE INC., a Tennessee Corporation; DBI BEVERAGE SAN JOAQUIN, a California Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br>REMOVED FROM THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN, CASE NO. STK-CV-UOE-2016-13079, CLASS ACTION |

TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF

CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants DBI BEVERAGE INC. and DBI BEVERAGE SAN

JOAQUIN (collectively, "Defendants") hereby remove the above-referenced action from the Superior

Court of the State of California, County of San Joaquin, to the United States District Court for the

Eastern District of California pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.  In support of this Notice

of Removal, Defendants state the following:

**BACKGROUND**

1.     On December 28, 2016, Plaintiff Efrain Palacios ("Plaintiff") filed an action in the Superior Court of the State of California, County of San Joaquin, titled *Efrain Palacios v. DBI Beverage Inc.*, et al., Case No. STK-CV-UOE-2016-13079.   In his Class Action Complaint and Demand for Jury Trial ("Complaint"), Plaintiff alleges that Defendants and Does 1 through 50 violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"), specifically 15 U.S.C. § 1681b(b)(2)(A)(i).

2.     Defendant DBI Beverage San Joaquin was served with the aforementioned Complaint on December 29, 2016.  Defendant DBI Beverage Inc. was served with the Complaint on January 3, 2017. True and accurate copies of the Summons, Complaint, and Civil Cover Sheet served on Defendants are attached as **Exhibit A**.

3.     Plaintiff filed his Proof of Service of Summons against Defendant DBI Beverage San Joaquin on January 5, 2017.  Plaintiff filed his Proof of Service of Summons against Defendant DBI Beverage Inc. on January 9, 2017.  True and correct copies of Plaintiff's proofs of service are attached as **Exhibit B**.

4.     A case management conference is scheduled in Superior Court for June 26, 2017.  A true and correct copy of that Notice of Case Assignment and Scheduling Information and Notice of Hearing is attached as **Exhibit C**.

5.     On January 30, 2017, Defendants filed their Answer to Plaintiff's Complaint in the Superior Court of the State of California for the County of San Joaquin.  A true and correct copy of Defendants' Answer is attached as **Exhibit D**.

6.     Exhibits A through D constitute all pleadings, process, and orders filed in this action.

**TIMELINESS OF REMOVAL**

7.     The Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) as it has been filed within thirty days of service of the Complaint upon Defendants.  *See* 28 U.S.C. § 1446(b).

**FEDERAL QUESTION JURISDICTION**

8.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's FCRA claim arises from the Constitution, laws, or treaties of the United States.  Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

2

**VENUE**

9.     Venue lies in the Eastern District of California pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).  This action originally was brought in the Superior Court of the State of California, County of San Joaquin.

**CONSENT**

10.     No consent is necessary from the other Defendants, Does 1 through 10, because they are not named in the Complaint and have not been served.

**NOTICE OF REMOVAL**

11.     Notice of this Notice of Removal will promptly be served on Plaintiff and the Clerk of the Superior Court of the State of California in and for the County of San Joaquin.

WHEREFORE, Defendants pray that this civil action be removed from the Superior Court of the State of California, County of San Joaquin, to the United States District Court for the Eastern District of California.

DATED: January 30, 2017

SEYFARTH SHAW LLP


By:  _____/s/ Mark P. Grajski_____
            Mark P. Grajski
            Esther Slater McDonald*

Attorneys for Defendants
DBI BEVERAGE INC. and DBI BEVERAGE
SAN JOAQUIN

*to be admitted pro hac vice

3

DEFENDANTS' NOTICE OF REMOVAL

36837443v.5

# Exhibit A

12/29/16 @ 3Pn

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
SUPERIOR COURT - STOCKTON

2016 DEC 28  PM 12 51

ROSA JUNQUEIRO, CLERK

BY RITA L. GOMEZ
DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DBI BEVERAGE INC., a Tennessee corporation; DBI BEVERAGE SAN JOAQUIN, a
California corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
EFRAIN PALACIOS, as an individual, and on behalf of all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.
You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.
Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Joaquin County Superior Court
222 E. Weber Avenue, Stockton, California 95202

STK-CV-UOE-2016-13079

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jason Kim (SBN 220273), 2000 Powell Street, Suite 1400, Emeryville, CA 94608; 415-421-7100

| DATE: DEC 28 2016 | ROSA JUNQUEIRO | Clerk, by | RITA L. GOMEZ | , Deputy |
| --- | --- | --- | --- | --- |
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* DBI Beverage San Joaquin, a California corporation

under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

## SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

FILE BY FAX

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Jason H. Kim, SBN 220279<br>Schneider Wallace Cottrell Konecky Wotkyns<br>2000 Powell Street, Suite 1400<br>Emeryville, California 94608<br>TELEPHONE NO: (415) 421-7000   FAX NO: (415) 421-7105<br>ATTORNEY FOR (Name): Efrain Palacios | FILED<br>SUPERIOR COURT - STOCKTON<br>**2016 DEC 28  PM 12:50**<br>ROSA JUNQUEIRO, CLERK<br>**RITA L. GOMEZ**<br>BY_____<br>DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Joaquin
STREET ADDRESS: 222 E. Weber Avenue, Stockton California 95202
MAILING ADDRESS: PO Box 20102, Stockton, California 95201
CITY AND ZIP CODE: Stockton California 95202
BRANCH NAME: Stockton

CASE NAME:
Palacios v. DBI Beverage, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: STK-CV-UOE -2016- 13079 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: BARBARA A. KRONLUND |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action (specify): One cause of action for violation of 15 USC 1681
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 27, 2016
Jason H. Kim
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]                **CIVIL CASE COVER SHEET**                Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov



1 TODD M. SCHNEIDER (SBN 158253)
JASON H. KIM (SBN 220279)
2 KYLE G. BATES (SBN 299114)
SCHNEIDER WALLACE COTTRELL
3 KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
4 Emeryville, California 94608
Telephone: (415) 421-7100
5 Facsimile: (415) 421-7105
tschneider@schneiderwallace.com
6 jkim@schneiderwallace.com
kbates@schneiderwallace.com
7
*Attorneys for Plaintiff and the Putative*
8 *Class*

FILED
SUPERIOR COURT - STOCKTON

2016 DEC 28   PM 12: 50

ROSA JUNQUEIRO, CLERK

RITA L. GOMEZ
DEPUTY

9                SUPERIOR COURT OF CALIFORNIA

10                 COUNTY OF SAN JOAQUIN

11

12 EFRAIN PALACIOS, as an individual,        CASE NO.: STK-CV-UOE-2016-13079
and on behalf of all others similarly
13 situated,

14

15                Plaintiff,

16         v.

17 DBI BEVERAGE INC., a Tennessee          CLASS ACTION COMPLAINT
corporation; DBI BEVERAGE SAN            FOR VIOLATION OF 15 U.S.C.
18 JOAQUIN, a California corporation;      § 1681 AND DEMAND FOR JURY
and DOES 1, through 50, inclusive,       TRIAL; EXHIBIT A
19
                Defendants.
20

21

22

23

24

25         THIS CASE HAS BEEN ASSIGNED TO JUDGE
26         BARBARA A. KRONLUND IN DEPARTMENT 48
           FOR ALL PURPOSES, INCLUDING TRIAL.
27

28

-1-
CLASS ACTION COMPLAINT FOR VIOLATION OF §15 U.S.C. 1681 AND DEMAND FOR JURY TRIAL.
*Palacios v. DBI Beverage Inc., et al.*

FILE BY FAX

## CLASS ACTION COMPLAINT

Plaintiff Efrain Palacios ("Plaintiff"), on behalf of himself and all other persons similarly situated, files this class action complaint against defendants DBI Beverage Inc. and DBI San Joaquin (collectively "DBI") and alleges as follows:

### INTRODUCTION

1.      This class action is brought under the Fair Credit Reporting Act of 1970, as amended ("FCRA"), 15 U.S.C. § 1681 *et seq.*, due to DBI's acquisition and use of "consumer reports" to conduct background checks on Plaintiff and other prospective and current and former employees.

2.      DBI routinely obtains and uses information in consumer reports to conduct background checks on prospective employees and relies on such information, in whole or in part, as a basis for adverse employment action in violation of the disclosure and authorization requirements of federal law.

3.      Plaintiff, individually and on behalf of all others similarly situated, seeks statutory penalties, punitive damages, and injunctive relief due to DBI's willful or grossly negligent conduct and its systematic and willful violation of the FCRA, 15 U.S.C. §1681 *et seq.*

4.      The FCRA requires users of consumer report information, including employers such as DBI, to follow certain procedures and provide certain disclosures prior to procuring and/or obtaining prospective, current, and former employees' consumer report information.

5.      DBI violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for employment purposes without first making proper disclosures in the format required by statute.

6.      Under this subsection of the FCRA, DBI is required to make a "clear and conspicuous" disclosure to its prospective employees, in a "document that consists solely of the disclosure," that it may obtain a consumer report on them for employment purposes prior to obtaining a copy of their consumer report.

7.     DBI willfully violated this requirement by failing to provide Plaintiff and other putative class members with a clear and conspicuous disclosure in a document consisting solely of this disclosure that it may obtain a consumer report for employment purposes.

8.     Specifically, DBI included the disclosure in the same lengthy and prolix document that also contained: (1) disclosure of numerous other aspects of the required background check, such as physical examinations, drug testing, and review of licensure; (2) a certification that the information provided in the application is true and complete; and (3) a liability release.

9.     As further alleged herein, these violations occurred because DBI has failed to properly inform itself of the relevant statutory mandates before seeking and acquiring consumer reports; failed to implement reasonable procedures to assure compliance with statutory mandates; and violated the express and unambiguous provisions of the relevant statute.

10.    As a result of DBI's wrongful acts and admissions, Plaintiff and Class members have had their privacy and statutory rights invaded in violation of the FCRA.

11.    Plaintiff seeks, on behalf of himself and all others similarly situated ("Class members"), statutory penalties, punitive damages, attorneys' fees and costs, and injunctive relief requiring DBI to comply with its legal obligations, as well as additional relief that may be appropriate.

## JURISDICTION AND VENUE

12.    This Court, along with the federal courts, has concurrent jurisdiction over Plaintiff's FCRA claim pursuant to 15 U.S.C. § 1681p.

13.    Venue is proper in this County pursuant to California Code of Civil Procedure § 395 because Defendant DBI Beverages San Joaquin resides in this County as of the commencement of this action.

**PARTIES**

14.   Plaintiff Efrain Palacios is a resident of Stockton, California and a former employee of DBI. Plaintiff worked for DBI as an order selector from approximately February 2015 to April 2015 at DBI's Stockton, California distribution center, which does business as DBI Beverage San Joaquin.

15.   Defendant DBI Beverage Inc. is a Tennessee corporation that owns and operates, and is the parent corporation of, ten companies situated throughout the State of California that distribute alcoholic and non-alcoholic beverages.

16.   One of these subsidiary companies is Defendant DBI Beverage San Joaquin — the distribution center where Plaintiff worked.

17.   Both DBI entities are "persons" within the meaning of 15 U.S.C. § 1681a(b).

18.   The true names and capacities of Does 1 through 50, inclusive, are unknown to Plaintiff at this time, and Plaintiff therefore sues such Doe Defendants under fictitious names. Plaintiff is informed and believes, and alleges, that each Defendant designated as a Doe is in some manner responsible for the occurrences alleged herein. Plaintiff will seek leave of the Court to amend this Complaint to allege the true names and capacities of such Doe Defendants when ascertained. Such Doe Defendants may include other subsidiaries of DBI Beverage, Inc.

**FACTUAL ALLEGATIONS**

19.   Plaintiff applied for a job with DBI on or about January 8, 2015 by completing an employment application.

20.   In connection with this employment application, Plaintiff completed DBI's standard application materials. This employment application consisted of several pages, including an "Application Authorization and Consent for Release of Information" (hereinafter "Authorization").

21.   A true and correct copy of the Authorization is attached as Exhibit "A" to this Complaint.

-4-

22.    The Authorization contains several dense paragraphs of small-type, single-spaced text, covering numerous topics such as the identity of the investigative agency conducting the required background check, the purported authorization to receive a wide variety of information about the applicant (including but not limited to the "consumer reports" subject to the FCRA), the types of information DBI may obtain, and a purported consent and release provision that specifically references the FCRA.

23.    The bottom of the first page of the Authorization provides in relevant part:

CONSENT   TO   OBTAIN   CONSUMER   REPORTS   FOR EMPLOYMENT PURPOSES AND RELEASE

I, the undersigned applicant, do hereby authorize the background verification. I authorize Insight and any of its associates, as the authorized agent(s) of the Employer, and Employer to conduct this investigation, and, to the extent performed by Insight or its associates, to disclose orally and in writing the results of this verification process to the Employer.

I, the undersigned applicant, do hereby certify that the information provided by me for the purpose of employment is true and complete to the best of my knowledge. I understand that if I am employed, any false statements will be considered as cause for possible dismissal.

I do hereby agree to forever release and discharge the Employer, and/or its agents, including, without limitation, Insight, and their associates, to the full extent permitted by law from any claims, damages, losses, liabilities, costs, expenses, and/or other charge or complaint arising from the retrieving and reporting of information. According to the Federal Fair Credit reporting Act, I am entitled to know if employment was denied based on information obtained by my prospective employer, and to receive, upon written request, a disclosure of the public record information and the nature and scope of the investigative report.

I understand that an offer is contingent upon the outcome of my background check, and that this application authorization and consent for release of information is not an offer of employment by Employer or a contract for employment with Employer.

I have read and understand page one of this authorization and release.

24.   Plaintiff signed the Authorization on or about January 8, 2015.

25.   In connection with Plaintiff's employment application, DBI procured or caused to be prepared a consumer report as defined by 15 U.S.C. § 1681a(d)(1).

26.   After completing DBI's standard employment application and passing DBI's background check process, DBI hired Plaintiff in February 2015.

27.   15 U.S.C. § 1681b(b)(2)(A) of the FCRA governs the conduct of any person who obtains consumer background reports used for employment purposes:

> Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—
>
> (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and
>
> (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

28.   It is DBI's common policy and practice to require all job applicants, including Plaintiff, to complete its standard employment application before DBI will hire them as employees.

29.   All applications during the relevant times contained copies of the Authorization described and quoted above.

30.   In this Authorization, DBI failed to provide Plaintiff and Class members "clear and conspicuous" notice in a "document that consists solely of the disclosure" that it may procure consumer background reports for employment purposes.

31.   Specifically, the inclusion of a wide variety of extraneous matter in the Authorization as described above, including but not limited to the release, violates Section 1681b(b)(2)(A) of the FCRA.

32.  DBI's violation of the FCRA was willful. The plain language of Section 1681b(b)(2)(A) is clear that the disclosure may not contain extraneous information.

33.  Furthermore, it has been the United State Federal Trade Commission's ("FTC") publicly-stated position for close to two decades that extraneous information is not allowed in a FCRA disclosure and specifically that a purported release may not be included in the disclosure.

34.  A 1998 opinion letter from the FTC states, "Section 604(b)(2)(A) of the FCRA [15 U.S.C. § 1681b(b)(2)(A)] requires that the consumer disclosure be in a document that consists solely of the disclosure." In response to an inquiry as to whether the disclosure may be prominently set forth within an application for employment or whether it must truly be included in a separate document, the FTC responded that, "[t]he disclosure may not be part of an employment application because the language of [15 U.S.C. § 1681b(b)(2)(A)] is intended to ensure that it appears conspicuously in a document not encumbered by any other information. The reason for requiring that the disclosure be in a stand-alone document is to prevent consumers from being distracted by other information side-by-side within the disclosure." Advisory Opinion to Leathers (09-09-98).

35.  In another 1998 opinion letter, the FTC stated that "we note that your draft disclosure includes a waiver by the consumer of his or her rights under the FCRA. The inclusion of such a waiver in a disclosure form will violate [15 U.S.C. § 1681b(b)(2)(A)] of the FCRA, which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes." Advisory Opinion to Hauxwell (06-12-98). The FTC further stated that "[w]e note that no authorization for a waiver is contained in the FCRA; nor does the legislative history show that Congress intended that consumers should be able to sign away their legal rights under the Act." Id. Thus, "employers and other users of

-7-

1 information covered by the FCRA may not require consumers to waive their rights
2 under the law."

3     36.    In a 2011 report, the FTC reiterated that, "the notice under [15 U.S.C.
4 § 1681b(b)(2)(A)] may not include extraneous or contradictory information, such as
5 a request for a consumer's waiver of his or her rights under the FCRA." 40 Years of
6 Experience With the Fair Credit Reporting Act: An FTC Staff Report With
7 Summary of Interpretations (July 2011), 51.

8 **CLASS ACTION ALLEGATIONS**

9     37.    Plaintiff brings this action as a class action on behalf of himself and all
10 others similarly situated as members of the proposed Class pursuant to California
11 Code of Civil Procedure § 382. Plaintiff's proposed class consists of and is defined
12 as:

13     All persons residing in the United States who applied for an
    employment position with DBI Beverage Inc. and/or any of its
14     California subsidiaries including DBI Beverage San Joaquin within
    the five (5) years preceding the filing of this action and who executed
15     the Authorization or a substantially similar form as part of their
16     application for employment with DBI, excluding (1) prospective
    employees applying for a position over which the U.S. Secretary of
17     Transportation has the power to establish qualifications and maximum
    hours of service pursuant to 49 U.S.C. § 31502 and/or a position
18     subject to safety regulation by a California transportation agency but
19     only if (2) such prospective employees interacted with Defendants or
    any of them purely by remote means such as mail, telephone, or
20     computer.

21

22     38.    **Numerosity and Ascertainability:** Class members are so numerous
23 and geographically-dispersed that joinder of all members is impractical. While the
24 exact number of Class members is unknown at this time, publicly-available
25 information indicates that DBI Beverage Inc. is one of the nation's largest beverage
26 distributors and that it operates from at least ten different locations in California.
27 The number and identity of Class members is readily ascertainable from DBI's
28 business documents.

39.  **Community of Interest:** There is a community of interest among the Class members because there are common questions of law and fact in this class action that relate to and affect the rights of each of the Class members including: (a) whether DBI violated the disclosure requirements of the FCRA; (b) whether such violation was willful; and (c) what remedies the Class members are entitled to as a result of the violations. Community of interest is also shown because the claim of Plaintiff is typical of the claims of the Class members. Plaintiff and all Class members applied for employment with DBI and were presented with the same, or substantially similar, unlawful FCRA disclosure. All Class members were adversely affected by DBI's FRCA violations in the same way.

40.  **Adequate Representation:** Plaintiff will adequately represent and protect the interests of the Class members and has no interests that conflict with or are antagonistic to the interests of the Class. Plaintiff has retained attorneys who are experienced and capable of prosecuting complex litigation such as this case.

41.  **Substantial Benefits from Class Certification:** There would be substantial benefits from class certification because a class action is superior to any other method available for the fair and efficient adjudication of this controversy. It would be impracticable and undesirable for each Class member who has been affected by DBI's FCRA violation to bring separate actions to litigate the same underlying issue. Moreover, the common issues identified above predominate over individual issues, if any, particular to each Class member. DBI used a uniform unlawful FCRA disclosure and whether its violation of the FCRA was willful will involve no facts particular to any Class member.

\\\
\\\
\\\
\\\
\\\

CLASS ACTION COMPLAINT FOR VIOLATION OF §15 U.S.C. 1681 AND DEMAND FOR JURY TRIAL
*Palacios v. DBI Beverage Inc., et al.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST CAUSE OF ACTION**

**Violation of the FCRA**

**15 U.S.C. §§ 1681b(b)(2)(A)**

42.   Plaintiff incorporates the allegations in the paragraphs above.

43.   Both DBI entities are a "person" as defined by Section 1681a(b) of the FCRA.

44.   DBI used "credit reports" as defined by Section 1681a(d) of the FCRA for employment purposes.

45.   DBI violated Section § 1681b(b)(2)(A) of the FCRA by failing to provide Plaintiff and Class members with a clear and conspicuous written disclosure, before a report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes.

46.   DBI's conduct in violation of Section § 1681b(b)(2)(A) was and is willful. DBI knew or should have known of their legal obligations under the FCRA. These obligations have been well-established in the plain language of the statute and in the public opinions of the FTC for several years.

47.   DBI's willful conduct is also reflected by, among other things, the fact that the Authorization specifically references the applicant's rights under the FCRA, showing that DBI was aware that the FCRA imposes specific disclosure requirements.

48.   As a result of DBI's unlawful procurement of consumer reports, as set forth above, Plaintiff and Class members have had their privacy and statutory rights invaded in violation of the FCRA.

49.   Plaintiff, on behalf of himself and Class members, seeks remedies pursuant to 15 U.S.C. § 1681n, including statutory penalties, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

50.   In the alternative, DBI's violation of the FCRA was at the very least negligent and Plaintiff, on behalf of himself and Class members, seeks remedies pursuant to 15 U.S.C. § 1681o, including injunctive and equitable relief and attorneys' fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other persons similarly situated, respectfully prays for relief against Defendants, and each of them, as follows:

1.   An order certifying the proposed Class, designating Plaintiff as representative of the Class, and designating Plaintiff's counsel as counsel for the Class;

2.   A declaration that Defendants' practices violate Section § 1681b(b)(2)(A) of the FCRA;

3.   An award of statutory penalties and punitive damages according to proof against Defendants;

4.   An award of preliminary and permanent injunctive relief enjoining Defendants from engaging in further unlawful conduct in violation of the FRCA;

5.   An award of pre-judgment and post-judgment interest, as provided by law;

6.   An award of attorneys' fees and costs pursuant to 15 U.S.C. § 1681n, 15 U.S.C. § 1681o, and/or any other applicable provisions providing for attorneys' fees and costs; and

7.   For such further relief that the Court may deem just and proper.

\\\
\\\
\\\
\\\
\\\

1

**JURY TRIAL DEMAND**

2  Plaintiff hereby demands a trial by jury for all issues triable thereby.

3  Respectfully submitted,

4  Date: December 28, 2016

5  TODD M. SCHNEIDER (SBN 158253)
JASON H. KIM (SBN 220279)
6  KYLE G. BATES (SBN 299114)
SCHNEIDER WALLACE
7  COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
8  Emeryville, California 94608
Tel: (415) 421-7100
9  Fax: (415) 421-7105
tschneider@schneiderwallace.com
10  jkim@schneiderwallace.com
kbates@schneiderwallace.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLEASE READ CAREFULLY**

## APPLICATION AUTHORIZATION AND CONSENT FOR RELEASE OF INFORMATION
We truly welcome your application with DBI Beverage_____ ("Employer")

### BACKGROUND

In pursuit of excellence in our employees, we require as a condition of our employment recommendation, that all applicants consent to and authorize an investigative report of their background, concerning their character, general reputation, personal characteristics, and mode of living. The investigative agency currently used is Insight Investigation Inc. ("Insight") P.O. Box 891971, Temecula, CA 92589 Ph. (800) 615-8111

This authorization and consent acknowledges that the Employer may now, or at any time while I am employed (including contract for services), obtain consumer reports for employment purposes that relate to my credit (to the extent applicable to the position for which you are being hired and permitted under applicable law), criminal, driving, employment or education history. Without limiting the foregoing, Employer may require any of the following: a physical examination by a designed professional; my urine specimen to be tested for the presence of drugs or alcohol; an investigation of and copies of any criminal or civil court records pertaining to me from any federal, state or local court or justice agency in any state or county; interviews of my previous employers or other sources for my work history; interviews of my personal references; verification of my education, professional licenses, professional liability insurance, credit history (to the extent applicable to the position for which you are being hired and permitted under applicable law), and/or motor vehicle driving records; tests of skills, or other job-related matters; an investigation of and copies of workers compensation records; and/or any other information as deemed necessary to fulfill the job requirements. The results of this verification process will be used to determine employment eligibility, in accordance with the employment policies of the Employer. The foregoing is subject to limitations imposed by applicable law.

This information will, in whole or in part, be obtained from Insight. I acknowledge that these reports may include information as to my general reputation, character, personal characteristics, mode of living, work habits, job performance and experience along with reasons for termination of past employment from previous employers. I understand that Employer may be requesting information from various federal, state and other agencies or institutions, which maintain public and non-public records concerning my past activities relating to my driving, credit (to the extent applicable to the position for which you are being hired and permitted under applicable law), civil, education and other experiences.

### CONSENT TO OBTAIN CONSUMER REPORTS FOR EMPLOYMENT PURPOSES AND RELEASE

I, the undersigned applicant, do hereby authorize the background verification. I authorize Insight and any of its associates, as the authorized agent(s) of the Employer, and Employer to conduct this investigation, and, to the extent performed by Insight or its associates, to disclose orally and in writing the results of this verification process to the Employer.

I, the undersigned applicant, do hereby certify that the information provided by me for the purpose of employment is true and complete to the best of my knowledge. I understand that if I am employed, any false statements will be considered as cause for possible dismissal.

I do hereby agree to forever release and discharge the Employer, and/or its agents, including, without limitation, Insight, and their associates, to the full extent permitted by law from any claims, damages, losses, liabilities, costs, expenses, and/or other charge or complaint arising from the retrieving and reporting of information. According to the Federal Fair Credit Reporting Act, I am entitled to know if employment was denied based on information obtained by my prospective employer, and to receive, upon written request, a disclosure of the public record information and the nature and scope of the investigative report.

I understand that an offer of employment is contingent upon the outcome of my background check, and that this application authorization and consent for release of information is not an offer of employment by Employer or a contract for employment with Employer.

I have read and understand page one of this authorization and release:

APPLICANT SIGNATURE _____          DATE _01/28/15_

Page 1 of 2
322-12-005 000221 14 DOCK-3

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DBI BEVERAGE INC., a Tennessee corporation; DBI BEVERAGE SAN JOAQUIN, a
California corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
EFRAIN PALACIOS, as an individual, and on behalf of all others similarly situated,

FILED
SUPERIOR COURT - STOCKTON

2016 DEC 28  PM 12: 51

ROSA JUNQUEIRO, CLERK

BY RITA L. GOMEZ
DEPUTY

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>(El nombre y dirección de la corte es): San Joaquin County Superior Court<br><br>222 E. Weber Avenue, Stockton, California 95202 | CASE NUMBER:<br>(Número del Caso):<br>STK-CV-UOE-2016-13079 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Jason Kim (SBN 220279), 2000 Powell Street, Suite 1400, Emeryville, CA 94608; 415-421-7100

| DATE: DEC 2 8 2016 | ROSA JUNQUEIRO | Clerk, by | RITA L. GOMEZ | , Deputy |
|---|---|---|---|---|
| (Fecha) | | (Secretario) | | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): DBI Beverage, Inc., A Tennessee Corporation

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Jason H. Kim, SBN 220279<br>Schneider Wallace Cottrell Konecky Wotkyns<br>2000 Powell Street, Suite 1400<br>Emeryville, California 94608<br>TELEPHONE NO: (415) 421-7000   FAX NO: (415) 421-7105<br>ATTORNEY FOR (Name): Efrain Palacios | FOR COURT USE ONLY<br><br>FILED<br>SUPERIOR COURT - STOCKTON<br><br>2016 DEC 28   PM 12:30<br><br>ROSA JUNQUEIRO, CLERK<br>RITA L. GOMEZ<br>BY_____<br>DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Joaquin
STREET ADDRESS: 222 E. Weber Avenue, Stockton California 95202
MAILING ADDRESS: PO Box 20102, Stockton, California 95201
CITY AND ZIP CODE: Stockton California 95202
BRANCH NAME: Stockton

CASE NAME:
Palacios v. DBI Beverage, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | STK-CV-UOE -2016- 13079 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount demanded exceeds $25,000) | ☐ Limited<br>(Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: BARBARA A. KRONLUND |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☑ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify): One cause of action for violation of 15 USC 1681
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 27, 2016
Jason H. Kim
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

1   TODD M. SCHNEIDER (SBN 158253)
    JASON H. KIM (SBN 220279)
2   KYLE G. BATES (SBN 299114)
    SCHNEIDER WALLACE COTTRELL
3   KONECKY WOTKYNS LLP
    2000 Powell Street, Suite 1400
4   Emeryville, California 94608
    Telephone: (415) 421-7100
5   Facsimile: (415) 421-7105
    tschneider@schneiderwallace.com
6   jkim@schneiderwallace.com
    kbates@schneiderwallace.com
7
    *Attorneys for Plaintiff and the Putative*
8   *Class*

9

10

11

FILED
SUPERIOR COURT - STOCKTON

2016 DEC 28   PM 12: 30

ROSA JUNQUEIRO, CLERK

BRITA L. GOMEZ
DEPUTY

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN JOAQUIN

12   EFRAIN PALACIOS, as an individual,        CASE NO.:   STK-CV-UOE-2016-13079
13   and on behalf of all others similarly
     situated,
14
15              Plaintiff,
16        v.
17   DBI BEVERAGE INC., a Tennessee            CLASS ACTION COMPLAINT
     corporation; DBI BEVERAGE SAN            FOR VIOLATION OF 15 U.S.C.
18   JOAQUIN, a California corporation;        § 1681 AND DEMAND FOR JURY
     and DOES 1 through 50, inclusive,        TRIAL; EXHIBIT A
19
                Defendants.
20

21

22

23

24

25       THIS CASE HAS BEEN ASSIGNED TO JUDGE
26       BARBARA A. KRONLUND IN DEPARTMENT 42
         FOR ALL PURPOSES, INCLUDING TRIAL
27

28

-1-

## CLASS ACTION COMPLAINT

Plaintiff Efrain Palacios ("Plaintiff"), on behalf of himself and all other persons similarly situated, files this class action complaint against defendants DBI Beverage Inc. and DBI San Joaquin (collectively "DBI") and alleges as follows:

## INTRODUCTION

1.    This class action is brought under the Fair Credit Reporting Act of 1970, as amended ("FCRA"), 15 U.S.C. § 1681 *et seq.*, due to DBI's acquisition and use of "consumer reports" to conduct background checks on Plaintiff and other prospective and current and former employees.

2.    DBI routinely obtains and uses information in consumer reports to conduct background checks on prospective employees and relies on such information, in whole or in part, as a basis for adverse employment action in violation of the disclosure and authorization requirements of federal law.

3.    Plaintiff, individually and on behalf of all others similarly situated, seeks statutory penalties, punitive damages, and injunctive relief due to DBI's willful or grossly negligent conduct and its systematic and willful violation of the FCRA, 15 U.S.C. §1681 *et seq.*

4.    The FCRA requires users of consumer report information, including employers such as DBI, to follow certain procedures and provide certain disclosures prior to procuring and/or obtaining prospective, current, and former employees' consumer report information.

5.    DBI violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for employment purposes without first making proper disclosures in the format required by statute.

6.    Under this subsection of the FCRA, DBI is required to make a "clear and conspicuous" disclosure to its prospective employees, in a "document that consists solely of the disclosure," that it may obtain a consumer report on them for employment purposes prior to obtaining a copy of their consumer report.

7.   DBI willfully violated this requirement by failing to provide Plaintiff and other putative class members with a clear and conspicuous disclosure in a document consisting solely of this disclosure that it may obtain a consumer report for employment purposes.

8.   Specifically, DBI included the disclosure in the same lengthy and prolix document that also contained: (1) disclosure of numerous other aspects of the required background check, such as physical examinations, drug testing, and review of licensure; (2) a certification that the information provided in the application is true and complete; and (3) a liability release.

9.   As further alleged herein, these violations occurred because DBI has failed to properly inform itself of the relevant statutory mandates before seeking and acquiring consumer reports; failed to implement reasonable procedures to assure compliance with statutory mandates; and violated the express and unambiguous provisions of the relevant statute.

10.   As a result of DBI's wrongful acts and admissions, Plaintiff and Class members have had their privacy and statutory rights invaded in violation of the FCRA.

11.   Plaintiff seeks, on behalf of himself and all others similarly situated ("Class members"), statutory penalties, punitive damages, attorneys' fees and costs, and injunctive relief requiring DBI to comply with its legal obligations, as well as additional relief that may be appropriate.

## JURISDICTION AND VENUE

12.   This Court, along with the federal courts, has concurrent jurisdiction over Plaintiff's FCRA claim pursuant to 15 U.S.C. § 1681p.

13.   Venue is proper in this County pursuant to California Code of Civil Procedure § 395 because Defendant DBI Beverages San Joaquin resides in this County as of the commencement of this action.

**PARTIES**

14.    Plaintiff Efrain Palacios is a resident of Stockton, California and a former employee of DBI. Plaintiff worked for DBI as an order selector from approximately February 2015 to April 2015 at DBI's Stockton, California distribution center, which does business as DBI Beverage San Joaquin.

15.    Defendant DBI Beverage Inc. is a Tennessee corporation that owns and operates, and is the parent corporation of, ten companies situated throughout the State of California that distribute alcoholic and non-alcoholic beverages.

16.    One of these subsidiary companies is Defendant DBI Beverage San Joaquin – the distribution center where Plaintiff worked.

17.    Both DBI entities are "persons" within the meaning of 15 U.S.C. § 1681a(b).

18.    The true names and capacities of Does 1 through 50, inclusive, are unknown to Plaintiff at this time, and Plaintiff therefore sues such Doe Defendants under fictitious names. Plaintiff is informed and believes, and alleges, that each Defendant designated as a Doe is in some manner responsible for the occurrences alleged herein. Plaintiff will seek leave of the Court to amend this Complaint to allege the true names and capacities of such Doe Defendants when ascertained. Such Doe Defendants may include other subsidiaries of DBI Beverage, Inc.

**FACTUAL ALLEGATIONS**

19.    Plaintiff applied for a job with DBI on or about January 8, 2015 by completing an employment application.

20.    In connection with this employment application, Plaintiff completed DBI's standard application materials. This employment application consisted of several pages, including an "Application Authorization and Consent for Release of Information" (hereinafter "Authorization").

21.    A true and correct copy of the Authorization is attached as Exhibit "A" to this Complaint.

1       22.    The Authorization contains several dense paragraphs of small-type,

2   single-spaced text, covering numerous topics such as the identity of the investigative

3   agency conducting the required background check, the purported authorization to

4   receive a wide variety of information about the applicant (including but not limited

5   to the "consumer reports" subject to the FCRA), the types of information DBI may

6   obtain, and a purported consent and release provision that specifically references the

7   FCRA.

8       23.    The bottom of the first page of the Authorization provides in relevant

9   part:

10  CONSENT   TO   OBTAIN   CONSUMER   REPORTS   FOR
    EMPLOYMENT PURPOSES AND RELEASE

11
    I, the undersigned applicant, do hereby authorize the background
12  verification. I authorize Insight and any of its associates, as the
    authorized agent(s) of the Employer, and Employer to conduct this
13  investigation, and, to the extent performed by Insight or its associates,
    to disclose orally and in writing the results of this verification process
14  to the Employer.

15  I, the undersigned applicant, do hereby certify that the information
    provided by me for the purpose of employment is true and complete to
16  the best of my knowledge. I understand that if I am employed, any false
    statements will be considered as cause for possible dismissal.
17

18  I do hereby agree to forever release and discharge the Employer, and/or
    its agents, including, without limitation, Insight, and their associates, to
19  the full extent permitted by law from any claims, damages, losses,
    liabilities, costs, expenses, and/or other charge or complaint arising
20  from the retrieving and reporting of information. According to the
    Federal Fair Credit reporting Act, I am entitled to know if employment
21  was denied based on information obtained by my prospective employer,
    and to receive, upon written request, a disclosure of the public record
22  information and the nature and scope of the investigative report.
23

24  I understand that an offer is contingent upon the outcome of my
    background check, and that this application authorization and consent
25  for release of information is not an offer of employment by Employer
    or a contract for employment with Employer.
26

27  I have read and understand page one of this authorization and release.

28

24.     Plaintiff signed the Authorization on or about January 8, 2015.

25.     In connection with Plaintiff's employment application, DBI procured or caused to be prepared a consumer report as defined by 15 U.S.C. § 1681a(d)(1).

26.     After completing DBI's standard employment application and passing DBI's background check process, DBI hired Plaintiff in February 2015.

27.     15 U.S.C. § 1681b(b)(2)(A) of the FCRA governs the conduct of any person who obtains consumer background reports used for employment purposes:

> Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—
>
> (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and
>
> (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

28.     It is DBI's common policy and practice to require all job applicants, including Plaintiff, to complete its standard employment application before DBI will hire them as employees.

29.     All applications during the relevant times contained copies of the Authorization described and quoted above.

30.     In this Authorization, DBI failed to provide Plaintiff and Class members "clear and conspicuous" notice in a "document that consists solely of the disclosure" that it may procure consumer background reports for employment purposes.

31.     Specifically, the inclusion of a wide variety of extraneous matter in the Authorization as described above, including but not limited to the release, violates Section 1681b(b)(2)(A) of the FCRA.

1     32.   DBI's violation of the FCRA was willful. The plain language of
2  Section 1681b(b)(2)(A) is clear that the disclosure may not contain extraneous
3  information.

4     33.   Furthermore, it has been the United State Federal Trade Commission's
5  ("FTC") publicly-stated position for close to two decades that extraneous
6  information is not allowed in a FCRA disclosure and specifically that a purported
7  release may not be included in the disclosure.

8     34.   A 1998 opinion letter from the FTC states, "Section 604(b)(2)(A) of
9  the FCRA [15 U.S.C. § 1681b(b)(2)(A)] requires that the consumer disclosure be in
10  a document that consists solely of the disclosure." In response to an inquiry as to
11  whether the disclosure may be prominently set forth within an application for
12  employment or whether it must truly be included in a separate document, the FTC
13  responded that, "[t]he disclosure may not be part of an employment application
14  because the language of [15 U.S.C. § 1681b(b)(2)(A)] is intended to ensure that it
15  appears conspicuously in a document not encumbered by any other information.
16  The reason for requiring that the disclosure be in a stand-alone document is to
17  prevent consumers from being distracted by other information side-by-side within
18  the disclosure." Advisory Opinion to Leathers (09-09-98).

19     35.   In another 1998 opinion letter, the FTC stated that "we note that your
20  draft disclosure includes a waiver by the consumer of his or her rights under the
21  FCRA. The inclusion of such a waiver in a disclosure form will violate [15 U.S.C.
22  § 1681b(b)(2)(A)] of the FCRA, which requires that a disclosure consist 'solely' of
23  the disclosure that a consumer report may be obtained for employment purposes."
24  Advisory Opinion to Hauxwell (06-12-98). The FTC further stated that "[w]e note
25  that no authorization for a waiver is contained in the FCRA; nor does the legislative
26  history show that Congress intended that consumers should be able to sign away
27  their legal rights under the Act." Id. Thus, "employers and other users of

28

1  information covered by the FCRA may not require consumers to waive their rights
2  under the law."

3      36.   In a 2011 report, the FTC reiterated that, "the notice under [15 U.S.C.
4  § 1681b(b)(2)(A)] may not include extraneous or contradictory information, such as
5  a request for a consumer's waiver of his or her rights under the FCRA." 40 Years of
6  Experience With the Fair Credit Reporting Act: An FTC Staff Report With
7  Summary of Interpretations (July 2011), 51.

8  **CLASS ACTION ALLEGATIONS**

9      37.   Plaintiff brings this action as a class action on behalf of himself and all
10  others similarly situated as members of the proposed Class pursuant to California
11  Code of Civil Procedure § 382. Plaintiff's proposed class consists of and is defined
12  as:

13          All persons residing in the United States who applied for an
   employment position with DBI Beverage Inc. and/or any of its
14          California subsidiaries including DBI Beverage San Joaquin within
   the five (5) years preceding the filing of this action and who executed
15          the Authorization or a substantially similar form as part of their
   application for employment with DBI, excluding (1) prospective
16          employees applying for a position over which the U.S. Secretary of
   Transportation has the power to establish qualifications and maximum
17          hours of service pursuant to 49 U.S.C. § 31502 and/or a position
   subject to safety regulation by a California transportation agency but
18          only if (2) such prospective employees interacted with Defendants or
19          any of them purely by remote means such as mail, telephone, or
20          computer.

21

22      38.   **Numerosity and Ascertainability:** Class members are so numerous
23  and geographically-dispersed that joinder of all members is impractical. While the
24  exact number of Class members is unknown at this time, publicly-available
25  information indicates that DBI Beverage Inc. is one of the nation's largest beverage
26  distributors and that it operates from at least ten different locations in California.
27  The number and identity of Class members is readily ascertainable from DBI's
28  business documents.

39.   **Community of Interest:** There is a community of interest among the Class members because there are common questions of law and fact in this class action that relate to and affect the rights of each of the Class members including: (a) whether DBI violated the disclosure requirements of the FCRA; (b) whether such violation was willful; and (c) what remedies the Class members are entitled to as a result of the violations. Community of interest is also shown because the claim of Plaintiff is typical of the claims of the Class members. Plaintiff and all Class members applied for employment with DBI and were presented with the same, or substantially similar, unlawful FCRA disclosure. All Class members were adversely affected by DBI's FRCA violations in the same way.

40.   **Adequate Representation:** Plaintiff will adequately represent and protect the interests of the Class members and has no interests that conflict with or are antagonistic to the interests of the Class. Plaintiff has retained attorneys who are experienced and capable of prosecuting complex litigation such as this case.

41.   **Substantial Benefits from Class Certification:** There would be substantial benefits from class certification because a class action is superior to any other method available for the fair and efficient adjudication of this controversy. It would be impracticable and undesirable for each Class member who has been affected by DBI's FCRA violation to bring separate actions to litigate the same underlying issue. Moreover, the common issues identified above predominate over individual issues, if any, particular to each Class member. DBI used a uniform unlawful FCRA disclosure and whether its violation of the FCRA was willful will involve no facts particular to any Class member.

\\\
\\\
\\\
\\\
\\\

## FIRST CAUSE OF ACTION

### Violation of the FCRA

### 15 U.S.C. §§ 1681b(b)(2)(A)

42.   Plaintiff incorporates the allegations in the paragraphs above.

43.   Both DBI entities are a "person" as defined by Section 1681a(b) of the FCRA.

44.   DBI used "credit reports" as defined by Section 1681a(d) of the FCRA for employment purposes.

45.   DBI violated Section § 1681b(b)(2)(A) of the FCRA by failing to provide Plaintiff and Class members with a clear and conspicuous written disclosure, before a report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes.

46.   DBI's conduct in violation of Section § 1681b(b)(2)(A) was and is willful. DBI knew or should have known of their legal obligations under the FCRA. These obligations have been well-established in the plain language of the statute and in the public opinions of the FTC for several years.

47.   DBI's willful conduct is also reflected by, among other things, the fact that the Authorization specifically references the applicant's rights under the FCRA, showing that DBI was aware that the FCRA imposes specific disclosure requirements.

48.   As a result of DBI's unlawful procurement of consumer reports, as set forth above, Plaintiff and Class members have had their privacy and statutory rights invaded in violation of the FCRA.

49.   Plaintiff, on behalf of himself and Class members, seeks remedies pursuant to 15 U.S.C. § 1681n, including statutory penalties, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

1      50.    In the alternative, DBI's violation of the FCRA was at the very least
2  negligent and Plaintiff, on behalf of himself and Class members, seeks remedies
3  pursuant to 15 U.S.C. § 1681o, including injunctive and equitable relief and
4  attorneys' fees and costs.

**PRAYER FOR RELIEF**

5

6      **WHEREFORE**, Plaintiff, individually and on behalf of all other persons
7  similarly situated, respectfully prays for relief against Defendants, and each of them,
8  as follows:

9      1.    An order certifying the proposed Class, designating Plaintiff as
10  representative of the Class, and designating Plaintiff's counsel as counsel for the
11  Class;

12      2.    A declaration that Defendants' practices violate
13  Section § 1681b(b)(2)(A) of the FCRA;

14      3.    An award of statutory penalties and punitive damages according to
15  proof against Defendants;

16      4.    An award of preliminary and permanent injunctive relief enjoining
17  Defendants from engaging in further unlawful conduct in violation of the FRCA;

18      5.    An award of pre-judgment and post-judgment interest, as provided by
19  law;

20      6.    An award of attorneys' fees and costs pursuant to 15 U.S.C. § 1681n,
21  15 U.S.C. § 1681o, and/or any other applicable provisions providing for attorneys'
22  fees and costs; and

23      7.    For such further relief that the Court may deem just and proper.

24  \\\
25  \\\
26  \\\
27  \\\
28  \\\

-11-

1

## JURY TRIAL DEMAND

2          Plaintiff hereby demands a trial by jury for all issues triable thereby.

3                                             Respectfully submitted,

4   Date: December 28, 2016

5                                             TODD M. SCHNEIDER (SBN 158253)
                                              JASON H. KIM (SBN 220279)
6                                             KYLE G. BATES (SBN 299114)
                                              SCHNEIDER WALLACE
7                                             COTTRELL KONECKY WOTKYNS LLP
                                              2000 Powell Street, Suite 1400
8                                             Emeryville, California 94608
                                              Tel: (415) 421-7100
9                                             Fax: (415) 421-7105
                                              tschneider@schneiderwallace.com
10                                            jkim@schneiderwallace.com
                                              kbates@schneiderwallace.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-12-
CLASS ACTION COMPLAINT FOR VIOLATION OF §15 U.S.C. 1681 AND DEMAND FOR JURY TRIAL
*Palacios v, DBI Beverage Inc., et al.*

# EXHIBIT A

**PLEASE READ CAREFULLY**
**APPLICATION AUTHORIZATION AND CONSENT FOR RELEASE OF INFORMATION**
We truly welcome your application with DBI Beverage _____ ("Employer")

## BACKGROUND

In pursuit of excellence in our employees, we require as a condition of our employment recommendation, that all applicants consent to and authorize an investigative report of their background, concerning their character, general reputation, personal characteristics, and mode of living. The investigative agency currently used is Insight Investigation Inc. ("Insight") P.O. Box 891571, Temecula, CA 92589 Ph. (800) 615-8111

This authorization and consent acknowledges that the Employer may now, or at any time while I am employed (including contract for services), obtain consumer reports for employment purposes that relate to my credit (to the extent applicable to the position for which you are being hired and permitted under applicable law), criminal, driving, employment or education history. Without limiting the foregoing, Employer may require any of the following: a physical examination by a designed professional; my urine specimen to be tested for the presence of drugs or alcohol; an investigation of and copies of any criminal or civil court records pertaining to me from any federal, state or local court or justice agency in any state or county; interviews of my previous employers or other sources for my work history; interviews of my personal references; verification of my education, professional licenses, professional liability insurance, credit history (to the extent applicable to the position for which you are being hired and permitted under applicable law), and/or motor vehicle driving records; tests of skills, or other job-related matters; an investigation of and copies of workers compensation records; and/or any other information as deemed necessary to fulfill the job requirements. The results of this verification process will be used to determine employment eligibility, in accordance with the employment policies of the Employer. The foregoing is subject to limitations imposed by applicable law.

This information will, in whole or in part, be obtained from Insight. I acknowledge that these reports may include information as to my general reputation, character, personal characteristics, mode of living, work habits, job performance and experience along with reasons for termination of past employment from previous employers. I understand that Employer may be requesting information from various federal, state and other agencies or institutions, which maintain public and non-public records concerning my past activities relating to my driving, credit (to the extent applicable to the position for which you are being hired and permitted under applicable law), civil, education and other experiences.

## CONSENT TO OBTAIN CONSUMER REPORTS FOR EMPLOYMENT PURPOSES AND RELEASE

I, the undersigned applicant, do hereby authorize the background verification. I authorize Insight and any of its associates, as the authorized agent(s) of the Employer, and Employer to conduct this investigation, and, to the extent performed by Insight or its associates, to disclose orally and in writing the results of this verification process to the Employer.

I, the undersigned applicant, do hereby certify that the information provided by me for the purpose of employment is true and complete to the best of my knowledge. I understand that if I am employed, any false statements will be considered as cause for possible dismissal.

I do hereby agree to forever release and discharge the Employer, and/or its agents, including, without limitation, Insight, and their associates, to the full extent permitted by law from any claims, damages, losses, liabilities, costs, expenses, and/or other charge or complaint arising from the retrieving and reporting of information. According to the Federal Fair Credit Reporting Act, I am entitled to know if employment was denied based on information obtained by my prospective employer, and to receive, upon written request, a disclosure of the public record information and the nature and scope of the investigative report.

I understand that an offer of employment is contingent upon the outcome of my background check, and that this application authorization and consent for release of information is not an offer of employment by Employer or a contract for employment with Employer.

I have read and understand page one of this authorization and release;

APPLICANT SIGNATURE _____      DATE _01_/_08_/_15_

Page 1 of 2
322-12-005 00022114 DOCX-2

# Exhibit B

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:

POS-010

Jason Kim, 220279
Schneider Wallace Cottrell Konecky Wotkyns LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
TELEPHONE NO.: (415) 421-7100 Ext 327
ATTORNEY FOR *(Name)*: Plaintiff

FOR COURT USE ONLY

FILED

2017 JAN -5  PM 12: 52

ROSA JUNQUEIRO, CLERK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, San Joaquin County
222 E. Weber Avenue
Stockton, CA 95202-2777

PLAINTIFF/PETITIONER: Efrain Palacios

DEFENDANT/RESPONDENT: DBI Beverage Inc., et al.

CASE NUMBER:

STK-CV-VOE-2016-13079

PROOF OF SERVICE OF SUMMONS

Ref. No. or File No.:
101253

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action. **BY FAX**
2. I served copies of:   Civil Case Cover Sheet, Summons, Complaint, Notice of Case Assignment

3. a. Party served:  DBI Beverage San Joaquin, a California corporation

   b. Person Served: Daisy Montenegro - CT Corporation System - Person Authorized to Accept Service of Process

4. Address where the party was served:  818 West Seventh Street, Ste. 930
5. I served the party                       Los Angeles, CA 90017
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on (date): 12/29/2016          (2) at (time): 3:00PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

DBI Beverage San Joaquin, a California corporation
under: CCP 416.10 (corporation)
7. Person who served papers
   a. Name:         Jimmy Lizama
   b. Address:      One Legal - 194-Marin
                    504 Redwood Blvd #223
                    Novato, CA 94947

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 37.95
   e. I am:
      (3) registered California process server.
          (i)  Employee or independent contractor.
          (ii) Registration No.:4553
          (iii) County: Los Angeles
8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date: 01/03/2017

_____Jimmy Lizama_____
(NAME OF PERSON WHO SERVED PAPERS)

_____
(SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

OL# 10762189

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| Jason Kim, 220279<br>Schneider Wallace Cottrell Konecky Wotkyns LLP<br>2000 Powell Street, Suite 1400<br>Emeryville, CA 94608<br>　TELEPHONE NO.: (415) 421-7100 Ext 327<br>ATTORNEY FOR *(Name):* Plaintiff | FILED<br>SUPERIOR COURT - STOCKTON<br>2011 JAN -9  AM 11: 34<br>ROSA JUNQUEIRO, CLERK<br>_____<br>DEPUTY |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| Superior Court of California, San Joaquin County<br>222 E. Weber Avenue<br>Stockton, CA 95202-2777 |

| PLAINTIFF/PETITIONER: Efrain Palacios | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DBI Beverage, Inc. | STK-CV-VOE-2016-13079 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>101253 |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of:　Civil Case Cover Sheet, Summons, Complaint, Notice Of Case Assignment And Scheduling Information And Information And Notice Hearing

**BY FAX**

3. a. Party served:　DBI Beverage, Inc., A Tennessee Corporation

　　b. Person Served: John J. Fletcher - Person Authorized to Accept Service of Process

4. Address where the party was served:　2 Ingram Blvd.

　　　　LaVergne, TN 37086

5. I served the party
　　a. by personal service. I personally delivered the documents listed in Item 2 to the party or person authorized to receive service of process for the party (1) on (date): 01/03/2017　　(2) at (time): 1:55PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:


　　d. on behalf of:


DBI Beverage, Inc., A Tennessee Corporation
under: CCP 416.10 (corporation)

7. Person who served papers
　　a. Name:　　David Miller
　　b. Address:　　One Legal - 194-Marin
　　　　　　504 Redwood Blvd #223
　　　　　　Novato, CA 94947

　　c. Telephone number: 415-491-0606
　　d. The fee for service was: $ 169.95
　　e I am:
　　　　(1) Not a registered California process server.


8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: 01/03/2017


| David Miller | *David Miller* |
|---|---|
| (NAME OF PERSON WHO SERVED PAPERS) | (SIGNATURE) |

Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

OL# 10762224

# Exhibit C

# SUPERIOR COURT OF CALIFORNIA

**San Joaquin County**
**222 E. Weber Avenue**
**Stockton, CA 95201**

### NOTICE OF CASE ASSIGNMENT AND SCHEDULING INFORMATION AND NOTICE OF HEARING

Case Number: **STK-CV-UOE-2016-0013079**

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlaying action. Disregard hearing date if that date has expired.

| Hearing: Case Management Conference | Date: 06/26/2017 | Time:  8:45 AM | |
|---|---|---|---|
| **JUDGE** | **COURT LOCATION** | **DEPARTMENT/ROOM** | **PHONE** |
| Barbara Kronlund | Stockton | 42 | (209)992-5693 |

## [ x ]  ADR & Scheduling Information is available on court website @ sjcourts.org/self-help

1.  You must:

    a.  **Serve** all named defendant's and file proofs of service on those defendants with the court Within 60 days of the filing of the complaint. (CRC 3.110)

    b.  **File and serve** a completed Case Management Conference Statement (use of JC form CM-110 is mandatory) at least 15 days before the Case Management Conference.

    c.  **Meet and Confer,** in person or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. (CRC 3.724)

    d.  **Collection cases** are managed pursuant to CRC 3.740.

2.  You may appear in person or by telephone at the Case Management Conference. To make arrangements for telephonic appearance you must call Court Call, at (310) 572-4670 or (888) 882-6878 at least five (5) court days prior to the hearing.

Visit our website @ www.sjcourts.org for more information regarding civil cases, local rules and forms.

Date: 12/28/2016

_____Rita Gomez_____,Deputy Clerk

### NOTICE OF CASE ASSIGNMENT AND SCHEDULING INFORMATION AND NOTICE OF HEARING

# Exhibit D

1   SEYFARTH SHAW LLP
    Mark P. Grajski (SBN 178050)
2   mgrajski@seyfarth.com
    400 Capitol Mall, Suite 2350
3   Sacramento, California 95814-4428
    Telephone:    (916) 448-0159
4   Facsimile:    (916) 558-4839

5   Attorney for Defendants
    DBI BEVERAGE INC. and
6   DBI BEVERAGE SAN JOAQUIN

7

FILED
SUPERIOR COURT - STOCKTON

2017 JAN 27  PM 3: 19

ROSA JUNQUeisphanie Ceja
         Stephanie Ceja
BY_____
              DEPUTY

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    COUNTY OF SAN JOAQUIN

10

11  EFRAIN PALACIOS, an individual, on behalf of      Case No. STK-CV-UOE-2016-0013079
    himself and all others similarly situated,
12                                                     **DEFENDANTS' ANSWER TO**
                  Plaintiff,                           **PLAINTIFF'S CLASS ACTION**
13                                                     **COMPLAINT**
          v.
14
    DBI BEVERAGE INC., a Tennessee Corporation;
15  DBI BEVERAGE SAN JOAQUIN, a California
    Corporation; and DOES 1 through 50, inclusive,
16
                  Defendants.
17

18        DEFENDANTS DBI BEVERAGE INC. and DBI BEVERAGE SAN JOAQUIN (collectively,

19  "DEFENDANTS") hereby answer the unverified Class Action Complaint of PLAINTIFF EFRAIN

20  PALACIOS ("PLAINTIFF") as follows:

21                                **GENERAL DENIAL**

22        Pursuant to the provisions of California Code of Civil Procedure Section 431.30(d),

23  DEFENDANTS deny, generally and specifically, each and every allegation, statement, matter, and each

24  purported cause of action contained in PLAINTIFF's Class Action Complaint.  Without limiting the

25  generality of the foregoing, DEFENDANTS also deny, generally and specifically, that PLAINTIFF has

26  been damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions of

27  DEFENDANTS.

28

                                            1
    _____
              DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

## SEPARATE DEFENSES

In further answer to PLAINTIFF's Class Action Complaint, DEFENDANTS assert the following additional defenses.  In asserting these defenses, DEFENDANTS do not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FIRST DEFENSE

PLAINTIFF sustained no injuries, damages, or loss by reason of any act of DEFENDANTS.

## SECOND DEFENSE

PLAINTIFF's claims are barred by 15 U.S.C. § 1681p and all other applicable statutes of limitations.

## THIRD DEFENSE

PLAINTIFF is not entitled to punitive damages because DEFENDANTS' reading of its obligations under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*, is objectively reasonable.

## FOURTH DEFENSE

To the extent that PLAINTIFF failed to mitigate his alleged damages, his recovery, if any, must be reduced accordingly.

## RESERVATION OF RIGHTS

DEFENDANTS presently have insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses, and reserve their right to assert additional defenses in the event that discovery and/or investigation indicates that such defenses are appropriate.

## PRAYER

Wherefore, DEFENDANTS pray for judgment as follows:

1.      That PLAINTIFF's Class Action Complaint be dismissed in its entirety and with prejudice with respect to DEFENDANTS, with costs taxed against PLAINTIFF;

2.      That DEFENDANTS recover from PLAINTIFF their expenses of litigation; and

3.      That DEFENDANTS recover such other and additional relief as the Court deems proper.

1    DATED: January 27, 2017                    SEYFARTH SHAW LLP

2

3                                              By: _____

4                                                  Mark P. Grajski

5                                              Attorney for Defendants
                                               DBI BEVERAGE INC. and DBI BEVERAGE
6                                              SAN JOAQUIN

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          3

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 400 Capitol Mall, Suite 2350, Sacramento, California 95814-4428.  On January 27, 2017, I served the within document(s):

### DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

☐ I sent such document from facsimile machines (916) 558-4839 on _____, 2017.  I certify that said transmission was completed and that all pages were received and that a report was generated by said facsimile machine which confirms said transmission and receipt.  I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope or package provided by Federal Express with postage paid on account and deposited for collection with Federal Express at San Francisco, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

SCHNEIDER WALLACE COTTRELL          ***Attorneys for Plaintiff and the Putative Class***
KONECKY WOTKYNS LLP
Todd M. Schneider
Jason H. Kim
Kyle G. Bates
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
tschneider@schneiderwallace.com
jkim@schneiderwallace.com
kbates@schneiderwallace.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 27, 2017, at Sacramento, California.

_____
Jean Moore

4

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT