FILED

JUL 2 8 2017

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
    DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFRAIN PALACIOS, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DBI BEVERAGE INC., *et al.*,<br><br>Defendants. | Case No. 2:17-CV-00204-JAM-EFB<br><br>**ORDER:**<br><br>**(1) PRELIMINARILY APPROVING SETTLEMENT; AND**<br><br>**(2) DIRECTING NOTICE TO CLASS**<br><br>Date:<br>Time:<br>Dept.: |

The Court, having reviewed the Settlement Agreement entered into by Class Plaintiff Efrain Palacios and Defendants DBI Beverage Inc. and DBI Beverage San Joaquin, hereby Orders that:

1. The Court has considered the proposed settlement of the claims asserted by the class of employees and job applicants defined as follows (the "Settlement Class"):

> All persons residing in the United States who applied for an employment position with DBI Beverage Inc. or any of its California subsidiaries or branches (collectively, "DBI") within the five (5) years preceding the filing of this Action and who executed the Authorization or a similar form including a liability release as part of their application for employment with DBI and on whom DBI obtained a consumer report using the executed Authorization or similar form.

-1-

[PROPOSED] ORDER: PRELIMINARILY APPROVING SETTLEMENT AND DIRECTING NOTICE TO CLASS

39426186v.2

2. The Settlement Agreement entered between the parties as of June 9, 2017, appears, upon preliminary review, to be fair, reasonable and adequate to the Settlement Class. Accordingly, the proposed settlement is preliminarily approved, pending a Final Fairness Hearing as provided for herein.

3. The prerequisites to a class action under Fed. R. Civ. P. 23(a) have been satisfied in that:

    (a) There are approximately 1742 members of the Class;

    (b) The claims of the Class Representative are typical of those of the other members of the Settlement Class because, for example, all class members signed the same Authorization or a similar form containing a liability release;

    (c) There are questions of fact and law that are common to all members of the Class, such as whether a liability release may be included in a disclosure under 15 U.S.C. § 1681b(b)(2); and

    (d) The Class Representative will fairly and adequately protect the interests of the Class and has retained Class Counsel experienced in consumer class action litigation who have represented and will continue to represent the Class adequately.

4. This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because: (a) a class action is superior to other available methods for the fair and efficient adjudication of this controversy; and (b) questions of fact and law common to the members of the Settlement Class predominate over any questions affecting only individual members. Because the potential damages are statutory and because the class members appear to have all suffered the same injury, a single action resolving these claims will preserve party, class member, and judicial resources while providing substantial monetary relief to class members who might not have otherwise pursued their claims. In addition, the question of whether a liability release may be included in a Section 1681b(b)(2) disclosure is a predominate one, and that question is common to all class members.

5. The Court appoints Plaintiff Efrain Palacios as the Class Representative and the law firm of Schneider Wallace Cottrell Konecky Wotkyns LLP, located at 2000 Powell Street, Suite 1400, Emeryville, California, 94608, as counsel for the Class ("Class Counsel").

6. The Court will hold a Final Fairness Hearing pursuant to Fed. R. Civ. P. 23(e) on December 5, 2017 in Courtroom 6 for the following purposes:

    (a) To determine whether the proposed settlement is fair, reasonable and adequate and should be granted final approval by the Court;

    (b) To determine whether a final judgment should be entered dismissing the claims of the Settlement Class with prejudice, as required by the Settlement Agreement;

    (c) To consider the application of Class Counsel for an award of attorneys' fees and expenses and for a service award to the Class Representative; and

    (d) To rule upon other such matters as the Court may deem appropriate.

7. Within thirty (30) days of entry of this Order, Rust Consulting (the "Settlement Administrator") shall send the Notice in substantially the form attached to this Order as Exhibit A to the last known first class mailing address of Class Members as reflected in Defendants' records.

8. Not later than fourteen (14) days before the Final Fairness Hearing, the Settlement Administrator will file proof of the mailing of the Settlement Class Notice with the Court.

9. The Court finds that this manner of giving notice fully satisfies the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

10. If a Class Member chooses to opt-out of the Class, such Class Member is required to submit a request for exclusion to the Settlement Administrator, post-marked on or before the date specified in the Class Notice, which shall be no later than forty-five (45) days before the date of the Final Fairness Hearing or as the Court otherwise may direct. A Class Member who submits a request for exclusion in compliance with the procedure identified in the Notice shall be excluded from the Settlement Class for any and all purposes. The Settlement Administrator shall provide copies of all requests to opt out to Class Counsel and Defendants' Counsel.

-3-

11. A Class Member who does not file timely a request for exclusion shall be bound by all subsequent proceedings, orders, and judgments in this action. Any Class Member who submits a timely request for exclusion may revoke his or her request for exclusion by submitting to the Settlement Administrator a written statement of revocation, postmarked or received no later than fourteen (14) days before the date of the Final Fairness Hearing.

12. Any Class Member who wishes to be heard orally at the Final Fairness Hearing, and/or who wishes for any objection to be considered, must file a written notice of objection within forty-five (45) days before the Final Fairness Hearing. The notice of objection shall be sent by First Class United States Mail to: (a) Class Counsel; (b) Defendants' Counsel; and (c) the Clerk of the Court. Such objection shall be personally signed; shall state the caption of the Action and the name, address and telephone number of the person objecting to the settlement; and shall include a detailed statement of each objection asserted, including the grounds for objection and reasons for appearing and being heard, together with any documents such person wishes to be considered in support of the objection, and all relief sought. Any objector wishing to be heard at the Final Fairness Hearing must also file a notice of intent to appear with the Court Clerk's office and must provide both Class Counsel and Defendants' Counsel with copies of the notice of intent to appear.

13. No later than fourteen (14) days prior to the Final Fairness Hearing, Class Counsel shall prepare and file with the Court and serve on Defendants' counsel a list of all persons who have timely objected to the settlement and a list of all persons who have timely opted out of the Settlement Class, as compiled by the Settlement Administrator. At that time, Class Counsel shall also supply its determinations as to whether any objection or request to opt out of the Settlement Class was not submitted timely or properly and shall provide written notification to any Settlement Class Member whose objection or request to opt out of the Settlement Class was not submitted timely or properly.

14. All briefs, memoranda, petitions and affidavits to be filed in support of final approval of the settlement, for an individual award to the Class Representative, and for an award of attorneys' fees and expenses shall be filed not later than fourteen (14) days before the Final Fairness Hearing.

[PROPOSED] ORDER: PRELIMINARILY APPROVING SETTLEMENT AND DIRECTING NOTICE TO CLASS

39426186v.2

15. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement.

**IT IS SO ORDERED.**

DATED: July 28, 2017

_____
The Hon. John A. Mendez