UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FILED
DEC 5 2017
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

EFRAIN PALACIOS, an individual, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

DBI BEVERAGE INC., *et al.*,

    Defendants.

Case No. 2:17-CV-00204-JAM-EFB

[PROPOSED] ORDER:

**GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Date:
Time:
Dept.:

On July 28, 2017, the Court issued an order granting preliminary approval of the proposed class action settlement (the "Settlement") between Plaintiff EFRAIN PALACIOS, individually and on behalf of all others similarly situated, and Defendants DBI BEVERAGE INC. and DBI BEVERAGE SAN JOAQUIN (together, "DBI" or "Defendants").

On December 5, 2017, a hearing was held on the motions of Plaintiff for final approval of the Settlement and payments to Plaintiff and Class Counsel. Schneider Wallace Cottrell Konecky Wotkyns LLP appeared for Plaintiff; Seyfarth Shaw LLP appeared for Defendants. Due and adequate notice having been given to the Class, as defined below, and the Court having considered Plaintiff's Motions and the exhibits thereto, all papers filed and proceedings in this Action, and any written objections

-1-

[PROPOSED] ORDER: GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT;
CASE NO. 2:17-CV-00204-JAM-EFB

39426186v.2

received regarding the proposed Settlement, and having reviewed the record in this Action, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Final Approval Order, adopts all defined terms as set forth in the Settlement Agreement filed in this Action. The Settlement Agreement, including its exhibits and the definitions of words and terms contained therein, and the Court's Preliminary Approval Order are incorporated by reference in this Order.

2. The Court has jurisdiction over the Parties, including the Settlement Class Members, and the settlement of the claim asserted in the Action.

3. Solely for purposes of effectuating the Settlement, this Court certified a Settlement Class defined as "All persons residing in the United States who applied for an employment position with DBI Beverage Inc. or any of its California subsidiaries or branches (collectively, "DBI") within the five (5) years preceding the filing of this Action and who executed the Authorization or a similar form including a liability release as part of their application for employment with DBI and on whom DBI obtained a consumer report using the executed Authorization or similar form."

4. The Settlement Class Notice provided to Settlement Class Members conforms with the requirements of the United States Constitution, Rule 23 of the Federal Rules of Civil Procedures, this Court's Preliminary Approval Order, and other applicable law. The Settlement Class Notice constitutes the best notice practicable under the circumstances by providing individual notice to all Settlement Class Members at their last known addresses, identified through reasonable effort, and by providing due and adequate notice of the proceedings and the matters set forth therein to the Settlement Class Members. The Settlement Class Notice fully satisfied the requirements of due process.

5. The Court finds that the Settlement Agreement was made and entered into in good faith and that the terms of the Settlement are fair, reasonable and adequate to the Settlement Class and to each Settlement Class Member, that the Settlement Class Members who did not opt out will be bound by the

1 Settlement and this Court's orders, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

6. The Court finds that the Settlement Agreement is fair and reasonable in that Defendants agree to make cash payments of $100.00 to each class member for a class of 1,732 individuals as well as separate payments for the Attorneys' Fees and Costs Award (up to $60,000.00), Administrative Costs (estimated to be $25,000), and Individual Service Award (up to $5,000.00). Settlement Class Members do not have to file a claim to receive a cash payment.

The Settlement terms represent a total settlement value of approximately $260,000 for the Settlement Class. The Settlement Agreement thus provides a gross award of approximately $150.00 and a net award of $100.00 to each Settlement Class Member. The gross value exceeds the minimum amount to which Settlement Class Members would be entitled if they had wholly prevailed in this litigation, and both the gross and net values fully compensate the Class Members for a procedural violation alleged to have caused nominal injury, particularly given the defenses to the Settlement Class Members' claims and the litigation risks that the Settlement Class faced.

Also, the amounts substantially exceed both the gross and net amounts typically awarded to class members in settlements of similar claims. *See, e.g.*, Order, ECF No. 58, *Aceves v. Autozone*, No. 5:14-cv-02032 (C.D. Cal. Nov. 18, 2016) (approving Section 1681b(b)(2) settlement, providing a net award of $20.00 cash or a $40.00 gift card per class member); Order, ECF No. 59, *Fernandez v. Home Depot*, No. 13-cv-00648 (C.D. Cal. Jan. 22, 2016) (approving settlement of Section 1681b(b)(2) and (b)(3) claims, resulting in gross award of approximately $25.00 and net award of approximately $20.00 to class members); Final Approval Order & Judgment, ECF No. 63, *Kirchner v. Shred-it USA, Inc.*, No. 2:14-cv-01437 (E.D. Cal. Oct. 22, 2015) (approving Section 1681b(b)(2) settlement providing gross award of approximately $75.00 and net award of approximately $44.00 per class member).

For these reasons and others, the Court hereby grants final approval to and authorizes the Settlement Administrator to distribute payments in accordance with the terms of the Settlement Agreement.

[PROPOSED] ORDER: GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT;
CASE NO. 2:17-CV-00204-JAM-EFB

39426186v.2

7. The Court finds that payment of an Individual Service Award to the Class Representative in the amount of $5,000.00 for his services as a class representative is fair, reasonable, and appropriate. The Class Representative conferred with Class Counsel, monitored the litigation, and assisted in securing a prompt settlement involving cash payments in an amount exceeding the typical settlement amount for such claims. The Court hereby orders Defendants to remit $5,000.00 for the Individual Service Award in accordance with the terms of the Settlement Agreement.

8. The Court finds that payment to Class Counsel of an attorneys' fees and costs award of $60,000.00 for their attorneys' fees and costs incurred in the Action is fair and reasonable. Class Counsel investigated the claim, engaged in informal discovery with Defendants, participated in private mediation, incurred and paid costs and expenses (including for mediation) without any promise of reimbursement, and negotiated a prompt settlement, resulting in significant cash payments to Settlement Class Members. After negotiating cash payments to Settlement Class Members, Class Counsel negotiated fees and costs and was able to secure payment of fees and costs separately by Defendants. Defendants' agreement to pay the Attorneys' Fees Award, the Administrative Costs, and the Individual Service Award in addition to the individual cash payments inures to the benefit of the Settlement Class Members, thereby increasing the gross value of the settlement to them by approximately $50.00 each.

The requested attorneys' fee (excluding that part attributable to litigation costs) award is about 21% of the total settlement value, which, by comparison, is less than the "benchmark" percentage of 25% for fee awards in common fund cases. *See Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). Given the small class size, the reasonable fees incurred likely would have quickly exceeded the potential statutory damages award if the Action had proceeded through discovery, and that circumstance likely would have impacted settlement negotiations and could have reduced the cash payment to Settlement Class Members. The Court finds that Class Counsel acted prudently in litigating and settling the Action efficiently in a manner resulting in increased payments to the Settlement Class Members. For these reasons, the Court orders that Class Counsel is awarded attorneys' fees and costs of $60,000.00 to be paid by Defendants in accordance with the terms of the Settlement Agreement.

9. As of the Effective Date as defined in the Settlement, the Class Representative and all other Settlement Class Members and Releasing Parties are deemed to have, and by operation of the Order shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Parties.

10. As of the Effective Date as defined in the Settlement, all Settlement Class Members, including the Class Representative and all other Releasing Parties, are hereby forever barred and enjoined from prosecuting any of the Released Claims against any Released Parties as provided for in the Settlement Agreement.

11. Nothing in this Order shall preclude any action to enforce the Parties' obligations under the Settlement Agreement or under this Order.

12. If, for any reason, the Settlement ultimately does not become Final and Effective (as defined by the Settlement Agreement), this Final Approval Order will be vacated; the Parties will return to their respective positions in this action as those positions existed immediately before the Parties executed the Settlement; and nothing stated in the Settlement or any other papers filed with this Court in connection with the Settlement will be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

13. The Parties entered into the Settlement solely for the purpose of compromising and settling disputed claims, and no finding of or ruling on liability has been made. Defendants in no way admit any violation of law or any liability whatsoever to Plaintiff and the Class, individually or collectively, all such liability being expressly denied by Defendants.

14. By means of this Final Approval Order, this Court hereby enters final judgment in this Action.

15. Without affecting the finality of this Final Approval Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and the Settlement.

[PROPOSED] ORDER: GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT;
CASE NO. 2:17-CV-00204-JAM-EFB

39426186v.2

16. The Parties are hereby ordered to comply with the terms of the Settlement.

17. Plaintiff's Motion for Final Approval of Class Action Settlement is hereby granted.

**IT IS SO ORDERED.**

DATED: 12-5, 2017

_____
The Hon. John A. Mendez

[PROPOSED] ORDER: GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT;
CASE NO. 2:17-CV-00204-JAM-EFB

39426186v.2