UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFRAIN PALACIOS, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>DBI BEVERAGE INC., et al.,<br><br>Defendants. | Case No.: 2:17-CV-00204-JAM-EFB<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE SERVICE AWARD** |

Plaintiff has moved for awards of attorneys' fees and costs to Class Counsel and a class representative service award to the Named Plaintiff, notice of which was given to all Class members. The Court heard argument regarding the request for fees and costs and class representative service award at the Fairness Hearing held on December 5, 2017. Based upon all papers filed with the Court and oral argument at the hearing, the Court makes the following findings of fact and conclusions of law pursuant to Fed. R. Civ. Proc. 52 as follows:

**FINDINGS OF FACT**

1. On November 15, 2017, Plaintiff filed his Motion for Approval of Attorneys' Fees and Costs and Class Representative Service Award ("Motion"). The Motion was directed to Class members by posting the complete contents of the Motion and all supporting documents on Class Counsel's website, www.schneiderwallace.com. The Class Notice informed Class members that the Motion would be so posted on this website.

2. The Motion is based upon a Settlement preliminarily approved by the Court by Order dated July 28, 2017, ECF No. 15. The Settlement Agreement provides that Plaintiff would seek an award of attorneys' fees and costs of $60,000 and a service award to Plaintiff of $5,000. Settlement Agreement, ¶¶ 5.2.1 & 5.2.2.

3. The Settlement Agreement provides for monetary relief to the Class in the form of a $100 to each member of the Class, with an estimated 1700 such members. Settlement Agreement, ¶¶ 5.1 & 3.4.2.

4. Plaintiff seeks an award of attorneys' fees based on the common fund theory, as set forth below. In addition, the total amount of litigation costs incurred by Plaintiff's counsel is $7,440. Exhibit "3" to Declaration of Jason H. Kim.

**CONCLUSIONS OF LAW**

1. The Motion complies with the notice requirements of Fed. R. Civ. Proc. 23(h).

2. The Settlement provides for classwide resolution of claims for alleged violations of Section 1681(b)(2) of the Fair Credit Reporting Act ("FCRA"). Plaintiff is entitled to an award of reasonable attorneys' fees and costs under 15 U.S.C. § 1681n(a)(3) as the prevailing party on this claim.

3. Class Counsel's request for attorneys' fees in the amount of $52,560 is granted based on the percentage of common fund method. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) (district courts can utilize lodestar or percentage of fund method in granting fee requests in class actions).

4. The requested attorneys' fee award as compared to the gross value of the Settlement represents less than the Ninth Circuit's benchmark of 25% of the common fund. *See*

-2-

[PROPOSED] FOF & COL GRANTING MOTION FOR APPROVAL OF ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE SERVICE AWARD; CASE NO. 2:17-CV-00204-JAM-EFB

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) (noting that 25% is benchmark for fees). Here, Class Counsel's fee request of $52,560 represents less than 21% of the gross value of the Settlement.

5. In addition to attorneys' fees, Class Counsel requests reimbursement of litigation costs in the amount of $7,440. The Court is satisfied that the costs are reasonable, and therefore, the Court grants Plaintiffs' request for taxable and non-taxable costs in the amount of $7,440 pursuant to Fed. R. Civ. Proc. 23(h).

6. The total amount of attorneys' fees and costs approved by the Court is $60,000, which is the amount agreed upon by the parties aided by an experienced mediator, as memorialized in the Settlement Agreement. The fact that these attorneys' fees and costs were the result of arms-length negotiation further supports the reasonableness of this award.

7. Accordingly, the Court approves the award of attorneys' fees and costs in the amount of $60,000 to Plaintiff pursuant to Fed. R. Civ. Proc. Rule 23(h) based on the findings of fact and conclusions of law set forth above.

8. Plaintiff has additionally moved for a class representative service award of $5,000. Plaintiff seeks this payment as compensation for the time, effort, and risk that he spent on behalf of the Class. The service award is also less than or equivalent to amounts frequently awarded to class representatives in class actions. *See*, *e.g.*, *Hopson v. Hanesbrands Inc.*, No. CV-08-0844 EDL, 2009 WL 928133, at *27-28 (N.D. Cal. Apr. 3, 2009) (awarding $5,000 incentive payment and finding that, "in general, courts have found that $5,000 incentive payments are reasonable") (citations omitted). Accordingly, the Court approves the requested class representative service award of $5,000 to Efrain Palacios.

**IT IS SO ORDERED.**

DATED: December 13, 2017   /s/ John A. Mendez
HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE

-3-

[PROPOSED] FOF & COL GRANTING MOTION FOR APPROVAL OF ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE SERVICE AWARD; CASE NO. 2:17-CV-00204-JAM-EFB